IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TONY L. BOSTICK,

    Petitioner,

vs.                                        Case No. 4:11cv566-RH/CAS

MICHAEL D. CREWS, Secretary,
Florida Department of Corrections,[1]

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On October 28, 2011, Petitioner Tony L. Bostick, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On June 21, 2012, Respondent filed an answer, with exhibits. Doc. 11. Petitioner filed a reply on July 5, 2012. Doc. 12.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). After careful consideration of all issues raised, the undersigned has

---

[1]The Clerk of Court shall substitute Michael D. Crews as Secretary of the Florida Department of Corrections in place of Kenneth S. Tucker. Michael D. Crews became Secretary on December 17, 2012, and shall be automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

determined that no evidentiary hearing is required for disposition of this matter. *See* Rule 8(a), R. Gov. § 2254 Cases in U.S. Dist. Cts. For the reasons stated herein, the pleadings and attachments before the Court show that Petitioner is not entitled to federal habeas relief, and the § 2254 petition should be denied.

## State Court Proceedings

By amended information filed on April 7, 2008, in the Second Judicial Circuit, Gadsden County, in case number 08-00164CFA, the State of Florida charged Petitioner Tony L. Bostick with one count of failure to report in person as a "sexual offender" on or about October 30, 2006, a third degree felony in violation of section 943.0435(9), Florida Statutes, and three counts of failure to report as a "sexual offender" every six months, on or about February 28, 2007, August 31, 2007, and February 29, 2008, third degree felonies in violation of section 943.0435(14)(a), Florida Statutes. Doc. 11 Ex. C at 20-21 (Amended Information), 6-7 (Information). Bostick proceeded to a jury trial on January 16, 2009. Doc. 11 Ex. E. The jury found him not guilty on the first count and guilty on the other three counts. *Id.* Ex. C at 39-43, Ex. E at 80. The trial court judge adjudicated Bostick guilty of the three offenses and sentenced him to 78.45 months in prison for each count, to run concurrently, with 141 days credit for time served. *Id.* Ex. C at 44-50, Ex. E at 85, 92.

Bostick appealed his judgment and sentence to the First District Court of Appeal (DCA), assigned case number 1D09-1390. *See* Doc. 11 Exs. B, K. The Initial Brief raised one point on appeal: "Whether the trial court erred in entering judgment and sentence as to three counts of failure of a sex offender to report every six months

because the multiple convictions violated double jeopardy under the allowable unit of prosecution standard." Doc. 11 Ex. K at i. In a written opinion issued May 2, 2011, the First DCA affirmed. Doc. 11 Ex. N; Bostic v. State, 60 So. 3d 535 (Fla. 1st DCA 2011).[2]

On May 31, 2011, Bostick filed a Notice to Invoke Discretionary Review in the Florida Supreme Court. Doc. 11 Ex. P. On June 23, 2011, the Florida Supreme Court issued an order indicating that Bostick had failed to file a jurisdictional initial brief and allowing him fifteen days to do so. Id. Ex. Q. On August 1, 2011, the Florida Supreme Court dismissed the discretionary review proceeding for failure to file an initial jurisdictional brief. Id. Ex. R.

As indicated above, on October 28, 2011, Bostick filed a timely § 2254 petition in this Court. Doc. 1. Bostick has raised one ground: "The trial court erred in entering judgment and sentence as to three counts of failure of a sex offender to report every six months because the multiple convictions violated double jeopardy under the allowable unit of prosecution standard." Id. at 4.

Notably, Petitioner Bostick indicates he has completed his prison term and was released on March 15, 2014. Doc. 13. "[A] habeas petitioner who has been released from imprisonment subsequent to his filing a § 2254 petition must establish that his petition still presents a case or controversy under Article III, § 2, of the United States Constitution, and therefore is not moot." Mattern v. Sec'y for Dep't of Corr., 494 F.3d

---

[2]Petitioner's name is spelled as "Bostick" on the § 2254 petition form he filed and signed, and in the Answer Filed by Respondent; accordingly, this Court will spell it as "Bostick." Docs. 1, 11. The First DCA's opinion spells his name as "Bostic." 60 So. 3d at 535. His name appears spelled both ways throughout the record provided.

1282, 1285 (11th Cir. 2007); see Spencer v. Kemna, 523 U.S. 1, 7 (1998). "In other words, once a habeas petitioner has been released from imprisonment, the petitioner must establish that 'some 'collateral consequence' of the conviction' exists." Mattern, 494 F.3d at 1285 (quoting Spencer, 523 U.S. at 7). The U.S. Supreme Court has "been willing to presume that a wrongful criminal conviction has continuing collateral consequences" and has "accept[ed] the most generalized and hypothetical of consequences as sufficient to avoid mootness in challenges to convictions." Spencer, 523 U.S. at 8-9; see Sibron v. New York, 392 U.S. 40, 55 (1968) (acknowledging "the obvious fact of life that most criminal convictions do in fact entail adverse collateral legal consequences"). Therefore, because Bostick challenges his convictions, and requests the Court "vacate and set aside the judgment," the analysis will proceed. Doc. 1 at 10.

## Analysis

Pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), federal courts may grant habeas corpus relief for persons in state custody. Section 2254(d) provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See* Williams v. Taylor, 529 U.S. 362 (2000); Gill v. Mecusker, 633 F.3d 1272 (11th Cir. 2011).

If a state prisoner's habeas petition "includes a claim that has been 'adjudicated on the merits in State court proceedings,' § 2254(d), an additional restriction applies." Cullen v. Pinholster, 131 S.Ct. 1388, 1398 (2011). The federal court may not grant relief unless the state court's adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). "This is a 'difficult to meet' and 'highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt.'" Cullen, 131 S.Ct. at 1398 (quoting Harrington v. Richter, 131 S.Ct. 770, 786 (2011), and Woodford v. Visciotti, 537 U.S. 19, 24 (2002)). This Court's review "is limited to the record that was before the state court that adjudicated the claim on the merits." Cullen, 131 S.Ct. at 1388.

In this case, the state court adjudicated Petitioner's claim on the merits. Specifically, the First DCA explained its decision, in its entirety, as follows:

> Tony Lekendrick Bostic appeals a judgment of conviction for three counts of failure to register as a sex offender in violation of section 943.0435(14), Florida Statutes (2006). Bostic argues that these multiple convictions for failure to report as a sex offender result in double jeopardy. We do not agree. Appellant was obligated to report upon release from incarceration under section 943.0435(2) and on the month of his birth and every six months thereafter under section 943.0435(14). Even if failure to

> report is considered a continuing offense, *see Lieble v. State*, 933 So. 2d 119 (Fla. 5th DCA 2006), each failure to report constituted a new violation of the applicable reporting statute and a separate offense, not part of "one criminal episode or transaction." § 775.021(4)(b), Fla. Stat. (2006); *compare People v. Meeks*, 123 Cal. App. 4th 695, 705-06, 20 Cal. Rptr. 3d 445, 452-53 (Cal. Ct. App. 2004) (explaining each failure to report on a sex offender's birthday is a separate offense and the failure to punish an offender for each failure to report as required frustrates the purpose of the sex offender reporting law).
>
> Accordingly, we affirm.

Bostic, 60 So. 3d at 535-36. Petitioner Bostick has not demonstrated that the state court's adjudication of his double jeopardy claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent; or that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

The United States Supreme Court has explained that the Double Jeopardy Clause provides three separate constitutional protections:

> It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.

North Carolina v. Pearce, 395 U.S. 711, 717 (1969), *overruled on other grounds*, Alabama v. Smith, 490 U.S. 794 (1989) (concerning presumption of vindictiveness in sentencing). Here, Bostick argues the State of Florida violated the third protection as he asserts he received multiple punishments (three convictions) for the same offense (failure to report his sex offender status). Doc. 1 at 4-5.

As indicated above, however, in adjudicating his claim, the state court determined the Florida statute, section 943.0435(14), required Bostick to report "on the month of his birth and every six months thereafter," and "each failure to report constituted a new violation of the applicable reporting statute and a separate offense." Bostic, 60 So. 3d at 536.  "A federal habeas corpus court may not interfere with a state court's interpretation of state law absent a constitutional violation."  McCoy v. Newsome, 953 F.2d 1252, 1264 (11th Cir. 1992); see also, e.g., Deloach v. Wainwright, 777 F.2d 1524, 1525-26 (11th Cir. 1985) (affirming denial of § 2254 petition and explaining federal court is "bound by the Supreme Court of Florida's interpretation of its legislative enactments" and determination that Florida Legislature intended multiple punishments for felony murder and underlying felony); Dodge v. Robinson, 625 F.3d 1014, 1017 (8th Cir. 2010) ("In multiple-punishment cases, the court's role is strictly cabined.  'With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does not more than prevent the sentencing court from prescribing greater punishment than the legislature intended.'  The third double-jeopardy protection, then, turns on legislative intent." (quoting Missouri v. Hunter, 459 U.S. 359, 366 (1983))).  Thus, in the absence of a federal constitutional violation, this Court will not disturb the Florida state appellate court's interpretation of section 943.0435(14), specifically that each failure to report as required by that statute constitutes a separate offense.

No constitutional violation appears here.  "[T]he prohibition against double jeopardy does not prohibit multiple convictions and punishments where a defendant commits two or more distinct criminal acts." Hayes v. State, 803 So. 2d 695 (Fla. 2001)

(citing <u>Blockburger v. United States</u>, 284 U.S. 299, 302-04 (1932)). A review of the statutory language indicates the state court's determination that each failure to report constitutes a separate offense was not unreasonable or contrary to clearly established U.S. Supreme Court precedent. In particular, the statute involved in Count 2, which charged Bostick with the failure to report on or about February 28, 2007, during the month of his birthday, provides:

> (a) <u>A sexual offender must report in person each year during the month of the sexual offender's birthday and during the sixth month following the sexual offender's birth month to the sheriff's office in the county in which he or she resides or is otherwise located to reregister</u>. The sheriff's office may determine the appropriate times and days for reporting by the sexual offender, which shall be consistent with the reporting requirements of this paragraph. Reregistration shall include any changes to the following information:
>
> 1. Name; social security number; age; race; sex; date of birth; height; weight . . . .
>
> 2. If the sexual offender is enrolled, employed, or carrying on a vocation at an institution of higher education in this state, the sexual offender shall also provide to the department the name, address, and county of each institution . . . .
>
> 3. If the sexual offender's place of residence is a motor vehicle, trailer, mobile home, or manufactured home, as defined in chapter 320, the sexual offender shall also provide the vehicle identification number . . . .
>
> 4. <u>Any sexual offender who fails to report in person as required at the sheriff's office</u>, or who fails to respond to any address verification from the department within 3 weeks of the date of the correspondence, <u>commits a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084</u>.
>
> (b) The sheriff's office shall, within 2 working days, electronically submit and update all information provided by the sexual offender to the department . . . .

§ 943.0435(14), Fla. Stat. (2006) (emphasis added) (effective July 1, 2006, through June 30, 2007).  The emphasized language is the same in the versions of the statute applicable to Counts 3 and 4, which charged Bostick with the failure to report on or about August 31, 2007 (in the sixth month after his birthday month), and February 29, 2008 (in the month of his birthday), respectively, though other language was amended or deleted.  See § 943.0435(14), Fla. Stat. (2007).  The statute itself thus provides that the failure to report "as required" (in person, at the sheriff's office, during the pertinent month – the month of the sexual offender's birthday or the sixth month thereafter – in each year) constitutes a third degree felony, reflecting the Legislature's apparent intent to punish each failure as a separate offense.  See § 943.0435(12), Fla. Stat. (2006) ("The Legislature finds that sexual offenders . . . often pose a high risk of engaging in sexual offenses even after being released from incarceration or commitment and that protection of the public from sexual offenders is a paramount government interest. Sexual offenders have a reduced expectation of privacy because of the public's interest in public safety and in the effective operation of government. . . ."); Lieble v. State, 933 So. 2d 119, 121 (Fla. 5th DCA 2006) (finding failure to register as sex offender within 48 hours after establishing residence in Florida was continuing violation of sections 943.0435(2), (9), Florida Statutes, such that three-year statute of limitations began when law enforcement learned of violation rather than when offender obtained state driver's license and explaining, among other things, "to hold otherwise would produce an absurd result not reasonably contemplated by the Legislature and one which eviscerated the statute")  See, e.g., Sanabria v. U.S., 437 U.S. 54, 69 (1978) ("Few, if

any, limitations are imposed by the Double Jeopardy Clause on the legislative power to define offenses."); U.S. v. Weathers, 186 F.3d 948, 952 (D.C. Cir. 1999) (explaining that "[w]here two violations of the same statute rather than two violations of different statutes are charged, courts determine whether a single offense is involved not by applying the Blockburger test, but rather by asking what act the legislature intended as the 'unit of prosecution' under the statute").  See also Blockburger, 284 U.S. at 301-03 (finding no double jeopardy violation for narcotics sales made to same person where sales "were distinct and separate sales made a different times" where "the first transaction, resulting in a sale, had come to and end" and "[t]he next sale was not the result of the original impulse, but of a fresh one – that is to say, of a new bargain").

The jury convicted Bostick of violating the reporting statute, section 943.0435(14)(a), Florida Statutes, on three separate occasions, as charged: on or about February 28, 2007 (Count 2), on or about August 31, 2007 (Count 3), and on or about February 29, 2008 (Count 4).  No violation of the Double Jeopardy Clause has been shown.  Bostick has not demonstrated that the state court's adjudication of his claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent; or that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  28 U.S.C. § 2254(d).

## Conclusion

Based on the foregoing, Petitioner Tony L. Bostick is not entitled to federal habeas relief.  The § 2254 petition (Doc. 1) should be denied.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  The parties shall make any argument as to whether a certificate should issue by objections to this report and recommendation.

Leave to appeal in forma pauperis should also be denied.  *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that the Court **DENY** Petitioner Bostick's § 2254 petition (Doc. 1).  It is further **RECOMMENDED** that a certificate of

appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**. The Clerk shall substitute Michael D. Crews for Kenneth S. Tucker as Respondent.

**IN CHAMBERS** at Tallahassee, Florida, on August 22, 2014.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**